IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW FULLMAN | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF PHILADELPHIA, | ) | |
| POLICE COMMISSIONER DANIELLE OUTLAW, | ) | |
| CHARLES KING #9008, SGT. CUNNINGHAM, | ) | |
| MICHAEL GORMLEY, JOHN DOE, | ) | |
| LAWRENCE SAMUEL KRASNER, | ) | |
| | ) | |
| Defendants. | ) | No. |

## CIVIL COMPLAINT

This is a civil rights complaint filed by Plaintiff Andrew Fullman, alleging violations of his civil and constitutional rights, due process, harassment, discrimination, sexual discrimination, obstruction of justice, failure/refusal to prosecute, misconduct, corruption, tampering with evidence, failure to seek the revocation of firearm concealed carry permits of two dangerous individuals with birth defects (psychopathologies), retaliation, retaliation **after** protected activity, and the disclosure of his contact with police regarding a gun-pointing crime which occurred in Philadelphia, Pennsylvania. Plaintiff is seeking monetary damages, and any other relief this Court may deem appropriate. Plaintiff requests a trial by jury.

## THE PARTIES

1. Plaintiff, Andrew Fullman ("Plaintiff") is an adult individual, residing at 810 Arch Street, Apt. 304, Philadelphia, PA.

2. Upon information and belief, defendant, City of Philadelphia is a municipal political subdivision of the Commonwealth of Pennsylvania.

3. Upon information and belief, defendant, Danielle Outlaw, is an adult individual and resident of the Commonwealth of Pennsylvania and present or former employee of defendant, City of Philadelphia.

4. Upon information and belief, defendant, Charles King #9008, is an adult individual and resident of the Commonwealth of Pennsylvania and present or former employee of defendant, City of Philadelphia.

5. Upon information and belief, defendant, Sgt. Cunningham, is an adult individual and resident of the Commonwealth of Pennsylvania and present or former employee of defendant, City of Philadelphia.

6. Upon information and belief, defendant, Michael Gormley, is an adult individual and resident of the Commonwealth of Pennsylvania and present or former employee of defendant, City of Philadelphia.

7. Upon information and belief, defendant, John Doe, is an adult individual and resident of the Commonwealth of Pennsylvania and present or former employee of defendant, City of Philadelphia.

1

8.    Upon information and belief, defendant, Lawrence Samuel Krasner, is an adult individual and resident of the Commonwealth of Pennsylvania and present or former employer of defendant, City of Philadelphia District Attorney Office owned and operated by the City of Philadelphia.

## JURUSDICTION AND VENUE

9.    This is an action arising in part under 28 U.S.C. § 1343, 42 U.S.C. §§ 1981, 1983, 12188. Pendant, ancillary, and supplemental jurisdiction with respect to any state statutory or common law claims is provided under 28 U.S.C. § 1367, Title 18 Section 6109 Subsections (e)(1)(i)(iv)(v)(vi)(vii), and any other part the Court may deem appropriate.

## FACTUAL BACKGROUND

10.    On April 10, 2022, at approximately 12:40 AM, Plaintiff, Andrew Fullman called Philadelphia 911 Police Dispatcher regarding a gray BMW SUV (Pennsylvania License Plate #LLM-6760) illegally parked in a reserved handicap parking area across the street from his place of residence. **See Exhibit A**. People illegally park in the said area preventing handicap people from parking in the reserved handicap parking area.  The Philadelphia Parking Authority (PPA) issued a parking citation for the illegally parked gray BMW SUV after Plaintiff's 911 Dispatcher call.

11.    At the aforesaid date and time, Plaintiff noticed a citation on his vehicle's windshield and a Philadelphia police officer (John Doe) standing next to his vehicle which was captured on dashboard camera. **See Exhibit A**. Defendant John Doe removed the PPA's parking citation from the gray BMW SUV, put it on Plaintiff's vehicle, and proceeded in issuing a new parking citation for the gray BMW SUV which constitutes misconduct, corruption, harassment, tampering with evidence, and fraud.  As a result of Defendant John Doe's misconduct, the gray BMW SUV received **two parking citations**. A *Citizen's Complaint* was filed to no avail. **See Exhibit B**.

12.    On April 4, 2022, Tyshell Burrell Johnson (hereinafter, "Mrs. Johnson"), began smoking marijuana which caused her to point her firearm at Plaintiff several times to threaten and intimidate him while other people in the apartment laughed.  Plaintiff did not take having a firearm pointed at him as a joke and filed a police report.

13.    Plaintiff called Philadelphia 911 Police Dispatcher to report the April 4, 2022 gun-pointing crime at which time a *police report* was prepared by Philadelphia Police Officer Doran Peebles who is believed to work at the 6th Philadelphia Police District.  The **Police Report** was recorded as **DC#: 22-19-017039**.

14.    Mrs. Johnson, and her twin brother, Mikel Burrell, were birthed by a crack addicted mother (Jinny Jones) which caused drug-related psychopathologies (ADHD, conduct disorders, and learning disabilities) among other issues.  Mrs. Johnson's marijuana and alcohol use on April 4, 2022 intensified her birthed defects causing a chemical imbalance which resulted in her recklessly pointing her firearm at Plaintiff unprovoked.

15.    Mrs. Johnson, and her twin brother, Mikel Burrell, reportedly cannot obtain driver's licenses due psychopathologies.  However, Defendant, City of Philadelphia, allowed Mrs. Johnson to possess a concealed carry permit in violation of Title 18 Section 6109 Subsections (e)(1)(i)(iv)(v)(vi)(vii)?  Plaintiff believes that Mrs. Johnson, a person who forgets to wear a tampon thus leaving blood wherever she sits, is fully capable of killing someone, and her firearm could end up in the hands of her bad out-of-control children.

16.    Mrs. Johnson's mother-in-law had to call Philadelphia Police due to Mrs. Johnson's bad temper (conduct disorder). Despite Mrs. Johnson's psychopathologies which Defendants are fully aware of, the Defendant, City of Philadelphia (Philadelphia Police Department) still illegally allowed her to keep concealed carry permit and firearm thus putting the public, Plaintiff, and her family at great risk.

17.    Plaintiff knew Mrs. Johnson and her family for many years from attending the same church. This is how Plaintiff know of her drug addiction-related birthed psychopathologies, and her mother (Jinny Jones) being in drug rehabilitation centers to no avail, and she continues to be a drug addict to date.

18.    On Sunday, April 17, 2022, Defendant Charles King interviewed Plaintiff regarding the April 4, 2022 gun-pointing crime, and the first thing he mentioned was that he could not find anything derogatory on Mrs. Johnson thus insinuating that she did not have an arrest record like Plaintiff thus denying him due process. Therefore, he did not arrest Mrs. Johnson or take the instrument of crime (firearm) away from her.

19.    At the aforesaid date and time, Plaintiff informed Defendant Charles King of Mrs. Johnson's drug-addiction related birthed psychopathologies with respect to her illegal possession of a firearm which he ignored. In addition, Ironically Plaintiff was not asked to sign his statement which demonstrated Defendant King's lack of interest in the matter due to Mrs. Johnson being a female with no arrest record or criminal conviction.

20.    At the aforesaid date and time, Defendant King, acting on behalf of Defendant, City of Philadelphia, committed police misconduct by refusing to take Plaintiff's gun-pointing complaint seriously. Defendant King failed to properly investigate Plaintiff's complaint to better prepare the case for prosecution all because he had a criminal conviction and Mrs. Johnson did not have an arrest record or criminal conviction. Many people who commit crimes do not have arrest records. It was unprofessional and misconduct for Defendant King to mention anything to Plaintiff regarding the suspect (Mrs. Johnson) having a clean arrest record. Defendant King's actions against Plaintiff constitutes discrimination, misconduct, and deliberate indifferences to known deficiencies in the Philadelphia Police Department's policies and procedures thus being aware that a person with psychopathologies pointed a firearm at Plaintiff without being arrested, but still allowed to keep her firearm thus further endangering Plaintiff's life, and the public which violated his rights and Title 18 Section 6109.

21.    At the aforesaid date and time, Plaintiff further informed Defendant King that Mrs. Johnson had purchased the said firearm for her husband, Richard Johnson's use and protection due to his lifestyle which violated federal and state laws including Title 18 Section 6109 Subsections (e)(1)(i)(iv)(v)(vi)(vii).

22.    Plaintiff sent Defendant King **two letters** via United States Postal Certified Mail regarding the April 4, 2022 gun-pointing crime thus seeking justice and attempting to have a firearm taken away from a dangerous person with psychopathologies which was to no avail. **See Exhibits C and D**.

23.    As mentioned above, Defendant King's response and actions against Plaintiff constitutes discrimination, misconduct, and deliberate indifferences to known deficiencies in the Philadelphia Police Department's policies relating to a dangerous person pointing her firearm at Plaintiff without being arrested and still allowed to keep her firearm. The City of Philadelphia has policies in place for dangerous gun owners.

3

24.    Plaintiff also informed Defendant Cunningham of Mrs. Johnson's psychopathologies with respect to her possession of a firearm which he ignored thus insisting that the Philadelphia Police Department did a background check. This encounter with Defendant Cunningham was captured on Plaintiff's body cam.

25.    Plaintiff aver that the City of Philadelphia violated departmental policies, procedures, state, and federal laws by giving Mrs. Johnson a concealed carry permit without thoroughly checking her serious psychopathologies which reportedly caused her guardians to seek counseling and assistance from the state.

26.    Plaintiff further aver that Defendant, City of Philadelphia, violated policies, procedures, state, and federal laws by giving Mrs. Johnson a firearm concealed carry permit without thoroughly checking to see if she could legally have a firearm around her husband, Richard Johnson, who resides with her at 5419 Lansdowne Avenue, Philadelphia, PA. Defendants' actions also violated Title 18 Section 6109 Subsections (e)(1)(i)(iv)(v)(vi)(vii).

27.    Richard Johnson has reportedly been involved in past criminal activity which prevents him from being in the same place with, or use a firearm, even if the firearm is legal or legally owned by another individual in the household. Defendants' discriminatory and retaliatory actions against Plaintiff as a result of his arrest record constitutes misconduct and deliberate indifferences to known deficiencies within departmental policies and procedures thus being aware that a person with psychopathologies pointed a firearm at Plaintiff without being arrested and still allowed to keep her firearm thus further endangering Plaintiff's life which violated his rights.

28.    The Defendants deliberately violated department policies, procedures, state, and federal laws in their failure to have Mrs. Johnson's concealed carry permit revoked after Plaintiff's reporting of the April 4, 2022 gun-pointing crime. Defendants further conspired to retaliate against Plaintiff even if it meant illegally keeping a firearm in a dangerous person's hand who should not have a concealed carrying license in the first place.

29.    Plaintiff aver that Mrs. Johnson was, or still is under investigation by the Department of Human Services (DHS) for child abuse after her daughter (Nyasia) complained several times to school personnel about being abused, bullied, and raped by a younger adopted male family member with whom she still resides. The family tried their best to cover up the rape. Plaintiff did report the rape to the PA Department of Human Services.

30.    On June 14, 2022, Defendant Cunningham called Plaintiff to see if he was still interested in pursuing his gun-pointing complaint to which Plaintiff responded that he still wanted to pursue the case. A criminal conspiracy began to get Plaintiff to back off from pursuing his gun-pointing criminal complaint.

31.    At the aforesaid date, Defendant Michael Gormley called Plaintiff to see if he was still interested in pursuing his gun-pointing complaint at which time he also addressed Plaintiff's **two letters** to Defendant Philadelphia Police Commissioner Danielle Outlaw along with his Citizen's Complaint regarding Defendant King's lack of service with respect to his April 4, 2022 gun-pointing criminal complaint. Defendant Michael Gormley also mentioned Plaintiff's previous citizen's complaints. **See Exhibits E, F, and G.**

32.    At the aforesaid date, Defendant Michael Gormley further informed Plaintiff that Commissioner Danielle Outlaw had received his letters and was investigating the matter as they were talking on the telephone. Defendant's denial and refusal to pursue Plaintiff's gun-pointing criminal complaint continued.

4

33.    Defendant Danielle Outlaw is fully responsible and could have done more in her position as Philadelphia Police Commissioner to get Plaintiff justice and have a firearm taken away from a dangerous person who pointed her firearm at him unprovoked. Defendant Outlaw's refusal to act, and actions against Plaintiff constitutes misconduct and deliberate indifferences to known deficiencies within departmental policies and procedures which violated Plaintiff's protected constitutional rights. Plaintiff cannot be denied justice or treated differently because he has a criminal conviction and the suspect does not. Defendant Outlaw chose to keep a firearm in the hands of a very dangerous person's thus putting Plaintiff and the public at much greater risk.

34.    Plaintiff aver that Defendant Michael Gormley could have done more in his position as an assistant to Philadelphia Police Commissioner as far as getting him justice and having a firearm taken away from a dangerous person with psychopathologies who pointed her firearm at him unprovoked. Defendant Gormley's refusal to act, and actions against Plaintiff constitutes misconduct and deliberate indifferences to known deficiencies within departmental policies and procedures which violated Plaintiff's protected constitutional rights. Plaintiff cannot be denied justice or treated differently because he has a criminal conviction. Defendant Gormley chose to keep a firearm in the hands of a very dangerous person's thus putting Plaintiff's life at much greater risk.

35.    On August 17, 2022, at approximately 4:00 PM, Plaintiff went to the Southwest Detective Division to check the status of his April 4, 2022 gun-pointing criminal complaint which was to no avail.

36.    At the aforesaid date and time, Sgt. Cunningham came to the front window and claimed he did not have enough evidence to arrest Mrs. Johnson insisting that the witnesses refused to give statements which was just a tactic for Plaintiff to back off and not pursue the gun-pointing criminal complaint. It is Plaintiff's position that the witnesses should not have known he had gone to the police regarding the said gun-pointing crime if there was not an arrest which clearly is a flaw in their policies. The Defendants failed to check the text messages between the witnesses, the Plaintiff, and the text messages' origins as a text message clearly states that Mrs. Johnson's **firearm was empty**. Defendants' municipal policy is dangerous and endangered Plaintiff's life, as was the mental state of the person who pointed her firearm at Plaintiff. As mentioned above, Plaintiff captured this encounter on his bodycam to which Defendant Cunningham had knowledge while being recorded.

37.    At the aforesaid date, Sgt. Cunningham's response and actions against Plaintiff constitutes misconduct and deliberate indifferences to known deficiencies in the Philadelphia Police Department's policies and procedures thus being aware that a person with psychopathologies pointed a firearm at Plaintiff without being arrested and allowed to keep her firearm which violated Plaintiff's protected constitutional rights.

38.    Plaintiff strongly believes had he not been a minority with a criminal conviction or had a history with the Defendants, his gun-point criminal complaint would have been investigated and prosecuted.

39.    It had become apparent to Plaintiff that Defendant, City of Philadelphia (Philadelphia Police Department and Philadelphia District Attorney's Office) were conspiring to prevent Plaintiff from filing his criminal complaint, and were not interested in pursuing his gun-pointing complaint so he filed a Citizen's Complaint to resolve matter hoping to prevent having to file a lawsuit which was to no avail. **See Exhibit E.**

5

40.     Plaintiff is well known to the Philadelphia Police Department and Philadelphia District Attorney's Office due to his prior and pending complaints, lawsuits, and his continuous fight to get justice for his nephew/roommate, William Fabian, who was murdered during an alleged robbery in the Frankford Section of Philadelphia on July 7, 2014. Plaintiff also continues to fight to prove his innocence for his wrongful conviction which has already allegedly caused arresting Philadelphia Police Officer Johnnie Mae Carter's termination.

41.     Defendants refused to investigate Plaintiff's gun-pointing criminal complaint and prosecute Mrs. Johnson because of Plaintiff's criminal conviction and prior police misconduct complaints, and lawsuits.

42.     Defendant, City of Philadelphia, failed and refused to investigate Mrs. Johnson's right to legally own a firearm after Plaintiff's April 4, 2022 gun-pointing criminal complaint which occurred when Mrs. Johnson had a chemical imbalance episode as a result of smoking marijuana and drinking liquor at the same time.

43.     Plaintiff was denied due process and other constitutional rights when he sought justice after having a firearm pointed at him. Plaintiff should not be denied an opportunity to file a criminal complaint because of his race and criminal conviction for which he has always maintained his innocence. He has the same constitutional rights as any other United States citizen to file a complaint after becoming a victim of a crime.

44.     It is Plaintiff's position that filing a criminal complaint after becoming a victim of a crime is protected activity regardless of Defendants' perception of the seriousness of the said gun crime.

45.     There were **two-gun crimes** in the same apartment with the **first gun crime** being an accidental gun discharge on or about March 12, 2022 by a person who goes by the name Meech, who was drunk and receiving social security income (SSI) benefits for birthed mental health issues. However, he was still allowed to obtain a concealed carry permit and purchase a firearm despite his birthed mental health defects. The **police report** was recorded as **DC#: 22-19-20572**. The **second gun crime** was on April 4, 2022 **(DC#: 22-19-017039)**.

46.     Mikel Burrell's, Landlord made costly repairs as a result of the bullet damage from the accidental discharge of Meech's firearm on or about March 12, 2022.

47.     This Court may not have jurisdiction for the accidental discharge of a firearm on March 12, 2022, but it does have jurisdiction for Plaintiff's denial of due process, and retaliation **after** protected activity.

48.     Plaintiff called the Philadelphia Bar Association's Lawyer Referral Service regarding Defendants, Philadelphia Police Department and Philadelphia District Attorney, refusal to prosecute his April 4, 2022 gun-pointing criminal complaint at which time he was instructed to file a private criminal complaint.

49.     On August 30, 2022, Plaintiff went to the Philadelphia District Attorney's Office to file a private criminal complaint against Mrs. Johnson for pointing her firearm at him but he was turned away. He was not allowed to go upstairs and had to communicate via telephone in lobby. The Philadelphia District Attorney's intake staff informed Plaintiff that Mrs. Johnson's actions were indeed an arrestable criminal charge of intimidation and aggravated assault but Defendant Krasner refused to prosecute the case and Plaintiff was instructed to get an attorney. Mrs. Johnson is a female with no arrest record, but Plaintiff is a minority with an arrest record, which he strongly believes was the motive for Defendant Krasner's refusal to pursue criminal charges in this matter.

Defendant Michael Gormley stated during a telephone call on June 14, 2022 that Defendant Krasner is reluctant to pursue criminal charges which is a violation of the United States Constitution and Plaintiff's rights. Defendant Krasner cannot be the Judge and Jury with criminal cases coming in his office for prosecution.

50.     On August 8, 2022, Plaintiff mailed a letter via United States Postal Certified Mail to Defendant Krasner expressing his concern and interest in pursuing justice for the April 4, 2022 gun-pointing crime which was to no avail. The letter had a text message from Alfeia Lanette Edwards attached claiming the *gun was empty* during the gun-pointing crime which does not stop pointing a firearm from being a crime. **See Exhibit H**.

51.     On September 7, 2022, Plaintiff mailed a follow-up letter via Certified Mail to Defendant Krasner regarding the April 4, 2022 gun-pointing crime which was also to no avail. Plaintiff tried everything to resolve his gun-pointing criminal complaint to no avail to avoid filing this lawsuit. **See Exhibit I**.

52.     Defendant Krasner is not above the law where he can use his power and authority to limit the number of gun cases his office chooses to prosecute violate thus violating Plaintiff's constitutional rights because of his race, history, and prior criminal convictions. Defendant Krasner and his office have accepted similar gun crime criminal complaints from white crime victims, some of whom, had police arrests like Plaintiff. Defendant acted under color of state law, and his conduct deprived Plaintiff of his rights secured by the Constitution.

53.     Defendant Krasner is a known racist who hates people of color. He will block the prosecution in a gun case if the victim is black with a criminal conviction, and the suspect is a female with a clean arrest record regardless of their mental health issues. He is responsible for his office's illegal actions taken against Plaintiff.

54.     Defendant Krasner used his power to stop and/or prevent his office (employees) from pursuing justice for Plaintiff despite their old standard procedures because of Plaintiff's race, criminal convictions, complaints, lawsuits, and such refusal according to their standard policy prevented justice, an arrest, and kept a firearm in the dangerous hands of Mrs. Johnson even though she used illegal drugs and alcohol which contributed to a birth defect episode thus causing her to point her firearm at Plaintiff unprovoked on April 4, 2022.

55.     Defendant Krasner's discriminatory actions against Plaintiff constitutes misconduct and deliberate indifferences to known deficiencies in the Philadelphia District Attorney's (City of Philadelphia) policies thus being aware that a dangerous person pointed her firearm at Plaintiff without being arrested and allowed to keep her firearm thus further endangering Plaintiff's life which violated his constitutional rights.

56.     Plaintiff has been harassed as a result of going to the police regarding the gun-pointing crime.

57.     On September 7, 2022, Plaintiff saw Mrs. Johnson's brother, Timshawn Burrell, at Fresh Grocer Supermarket, at which time he asked to speak to Plaintiff. Timshawn Burrell informed Plaintiff that he was aware of the gun-pointing incident and further stated that his sister was just playing when she pointed her firearm at him. He further told the Plaintiff not to punish him because he had nothing to do with the matter.

58.     The City of Philadelphia's retaliatory and discriminatory actions against Plaintiff **after** *protected activity* as mentioned in this Complaint as a result of his pending misconduct complaints and lawsuits violated his constitutional rights and equal rights protection as guaranteed by the Constitution thus causing him great anxiety.

7

59.     As a result of the Defendants' actions, the Plaintiff has suffered discrimination, harassment, retaliation **after** protected activity, and was denied due process and equal protection under the law.

60.     The Philadelphia District Attorney's Office, (City of Philadelphia) under the direction of Defendant Krasner, refused to prosecute the April 4, 2022 gun-pointing crime because Mrs. Johnson (a female) does not have an arrest record but Plaintiff (an African-American) has an arrest record, which was a clear violation of Plaintiff's constitutional rights. Plaintiff has a right to file criminal charges after having a gun pointed at him. Defendant Krasner acted under color of state law and his conduct deprived Plaintiff of rights secured by the Constitution.

61.     Plaintiff aver that his exercise of *protected activity* was one of the motivating reasons for the discrimination and retaliation against him when he was refused justice. Defendant, City of Philadelphia's employees acted under color of state law and their conduct deprived Plaintiff of rights secured by the Constitution.

62.     Defendant, City of Philadelphia, was responsible for the constitutional violations and deliberate indifference to known deficiencies to policies and procedures in the Philadelphia Police Department and Philadelphia District Attorney Office, and whatever unveils during discovery and at trial.

63.     Defendants, Krasner and Outlaw, knowingly used their positions, power, and authority to conspire to block the investigation and prosecution of Plaintiff's April 4, 2022 gun-pointing criminal complaint which violated his protected constitutional rights. Defendants stopped and prevented their employees from investigating and prosecuting Plaintiff's criminal complaint. Blocking the prosecution of a crime constitutes misconduct, obstruction of justice, corruption, and is a violation of the Constitution.

64.     This Complaint contains sufficient factual matter and states a claim to relief that is plausible on its face. Plaintiff tried everything to resolve this lawlessness and discriminatory matter to avoid filing this lawsuit.

65.     Defendant, City of Philadelphia, is aware of the public lawlessness and discrimination from Defendant Krasner, his office, and the Philadelphia Police Department but allowed it to continue even though it goes against municipal policies and custom departmental policies, procedures, and state laws that are already in place. Such targeted discrimination, retaliation, and harassment is a violation of Plaintiff's rights. There are courses of action, guiding principles, procedures, and strategies adopted by the City of Philadelphia (a municipal public body) with respect to how complaints, private criminal complaints, and criminal cases are handled. The City of Philadelphia and their employees are fully responsible for the handling of crime. Defendants should be sued in their individual capacity as their actions against Plaintiff as complained of in this Complaint, were not part of their official capacity. Defendants cannot discriminatorily determine which criminal complaint to accept. Defendants cannot refuse to take a case seriously because the gun did not discharge or there was not an actual shooting.

66.     This Honorable Court should entertain this new Civil Complaint because Defendant, City of Philadelphia's employees name herein have deliberately violated Plaintiff's constitutional and due process rights by failing and refusing to prosecute the person who pointed a firearm at him unprovoked which endangered his life. Defendants should be held accountable and allowed to be sued in their individual capacities, and not be protected by any immunity. Defendants have harassed and retaliated against Plaintiff **after** protected activity.

8

67.     Should the City of Philadelphia stop targeting, harassing, retaliating, and discriminating against Plaintiff, the lawsuits will stop being filed. This Honorable Court should also consider matters of public record and exhibits attached to this Complaint. In addition, Plaintiff respectfully requests a *preliminary injunction* as a result of the ongoing discrimination, retaliation, and harassment.

68.     Plaintiff has also sent letters regarding the April 4, 2022 gun-pointing crime to the Commander Office of Investigations, Captain Robert McKeever, Mayor Jim Kenney, and to Lt. Jennifer Foster after she called Plaintiff which were to no avail.

69.     Plaintiff has no other remedy at law.

## Claims

### First Cause of Action

70.     The action of the Defendants as stated in Paragraphs 9 through 69 denied the plaintiff due process of law in violation of the Fifth, Sixth and Fourteenth Amendment Rights.

### Second Cause of Action

71.     The actions of the Defendants as stated in Paragraphs 9 through 69 denied plaintiff of his due process of law and equal protection law as guaranteed by the Fourteenth Amendment of the United States Constitution and State Law.

72.     Plaintiff's Fifth and Fourteenth Amendment Rights were violated when:

a.)     The Philadelphia District Attorney's Office and Philadelphia Police Department conspired to commit misconduct, obstruction of justice, and discrimination;

b.)     Defendant Krasner denied Plaintiff the opportunity to file criminal charges against Mrs. Johnson because Plaintiff has a criminal conviction, and Mrs. Johnson is a female with no police arrests;

c.)     Defendant Krasner denied Plaintiff an opportunity to file criminal charges against Mrs. Johnson because Plaintiff is a male person of color which caused his anxiety to worsen;

d.)     Defendants conspired and deliberately refused and failed to investigate Plaintiff's criminal complaint regarding Mrs. Johnson recklessly pointing her firearm at him;

e.)     Defendants failed to arrest Mrs. Johnson for recklessly pointing her firearm at Plaintiff;

f.)     Defendants failed to revoke Mrs. Johnson's concealed carrying license;

g.)     Defendants failed to warn Plaintiff of the exposure of his gun-pointing complaint;

h.)     Defendant John Doe knowingly put a wrong fraudulent parking citation on Plaintiff's vehicle knowing that the PPA parking citation was for the gray BMW SUV;

i.)     Defendants conspired and retaliated against Plaintiff for exercising a protected constitutional right after becoming a victim of a gun-pointing crime because of his race and history with them;

j.)     Defendants refused Plaintiff a legal right to file a criminal complaint after having a firearm pointed at him by a person who legally should not have a firearm in violation of state and federal law; and

k.)     Harassment and retaliation **after** protected activity.

9

### Third Cause of Action

73.     The actions of the Defendants as stated in Paragraphs 9 through 69 violated federal civil rights laws by discriminating and committing obstruction of justice in retaliations for Plaintiff's complaints and lawsuits.

74.     The actions of the Defendants as stated in Paragraphs 9 through 69 are not protected under the Eleventh Amendment.

75.     The aforementioned Defendants were acting under the color of state and Federal law at the time of the alleged incidents.

76.     Defendants, Krasner and Outlaw, were not allowed to violate departmental or municipal policies, procedures, state and federal laws in their official capacity.

77.     Defendant, City of Philadelphia, was not allowed to violate departmental policy, procedures, state and federal law in their official capacity.

78.     The actions of the Defendants (and their employees) have denied Mr. Fullman's rights in violation of 42 U.S.C. § 1983 and the U.S. and State Constitutions, including the common law.

WHEREFORE, Plaintiff demands judgment in excess of $500,000.00 for the aforementioned damages, in addition to interest from the date of the loss, the costs of this lawsuit, punitive damages, and whatever additional relief the Court may deem proper.

### PRAYER FOR RELIEF

Accordingly, the Plaintiff demands damages in excess of $500,000.00 to include;

1.     Punitive Damages
2.     The Costs of this lawsuit
3.     Damages for failing and refusing to investigate his gun pointing criminal complaint
4.     Damages for his mental destress and embarrassment
5.     Prejudgment and post judgment interest
6.     Damages for failing to remove firearms from two dangerous persons who should not have guns
7.     Damages for endangering his life by informing witnesses of his complaint without an arrest
8.     Damages attributable to the accused officers themselves
9.     Damages for retaliation and harassment **after** the protected activity
10.    Damages for refusing and failing to give Plaintiff justice because he has a criminal conviction
11.    Damages for refusing and failing to give Plaintiff justice due to his race (African-American)
12.    Damages for such other misrepresentations, fraud, and crimes as may be determined through discovery and at the trial of this matter
13.    Whatever other relief the Court deems proper

10

Respectfully submitted,

Andrew Fullman, Plaintiff

## PETITION FOR FEDERAL PRELIMINARY INJUNCTION

Plaintiff, Andrew Fullman, hereby petitions this Honorable Court under Pennsylvania Rule of Civil Procedure 1531 for an Order enjoining the Philadelphia District Attorney's Office and Philadelphia Police Department from further violating his civil and constitutional rights, due process rights, and the United States Constitution by refusing him justice with respect to his April 4, 2022 gun-pointing criminal complaint. Plaintiff has the same rights as other United States Citizens to file a criminal complaint after becoming a victim of a crime.

Plaintiff avers that the herein named Defendants are violating his civil and constitutional rights, due process, and the United States Constitution by refusing to allow him a fair opportunity to file a criminal complaint to proceed with justice for the April 4, 2022 gun-pointing crime due to retaliation for his prior complaints, lawsuits, and being an African-American with a conviction for which he has maintained his innocence for many years.

The Defendant, City of Philadelphia's employees, have created their own personal illegal policies, procedures, and practices to deny some crime victims of color assistance, such as Plaintiff, which violates the Constitution.

Section 26 of the Pennsylvania Constitution prohibits discrimination by any political subdivision of the Commonwealth and bars such authorities from denying to any person the enjoyment of any civil right or discriminating against any person in the exercise of any civil rights. PA. Const. Art. A, § 26.

The Court in deciding whether to issue a preliminary injunction considers whether (1) the petitioner is likely to prevail on the merits; (2) an injunction is necessary to prevent immediate and irreparable harm; (3) greater injury would result from refusing the injunction than from granting it, and granting it will not substantially harm other interested parties; (4) the injunction will not adversely affect the public interest; (5) the injunction will properly restore the parties to their status immediately prior to the passage of the law; and (6) the injunction is reasonably suited to abate the offending activity. *SEIU Healthcare Pa. v. Commonwealth*, 104 A.3d 495, 501-02 (Pa. 2014).

WHEREFORE, for the reasons advanced in this Civil Action-Complaint/Preliminary Injunction, Plaintiff Fullman, respectfully requests the following relief:

    (a) That a preliminary injunction be issued directing the Philadelphia District Attorney's Office and Philadelphia Police Department to immediately cease any further retaliation, harassment, and discrimination toward Plaintiff until the disposition of this lawsuit;

11

(b)  That the Philadelphia District Attorney's Office and Philadelphia Police Department cease preventing Plaintiff from exercising his constitutional right to file a private criminal complaint for having a firearm pointed at him on April 4, 2022 by a mental person who legally should not have a firearm;

(c)  That Plaintiff be allowed to file a private criminal complaint regarding the April 4, 2022 gun-pointing crime; and

(d)  That the Court Order the revocation of Tyshell Burrell Johnson's concealed carry permit and firearm; and

(e)  That the Court grant any other relief as it may deem just and proper.


Respectfully submitted,


_____

Andrew Fullman, Plaintiff


Date:  October 24, 2022

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

ANDREW FULLMAN                              )          CIVIL ACTION
                                           )
        Plaintiff,                         )
                                           )
            v.                             )
                                           )
CITY OF PHILADELPHIA,                      )
POLICE COMMISSIONER DANIELLE OUTLAW,       )
CHARLES KING #9008, SGT. CUNNINGHAM,       )
MICHAEL GORMLEY, JOHN DOE,                 )
LAWRENCE SAMUEL KRASNER,                   )
                                           )
        Defendants.                        )          No.

### UNSWORN DECLARATION

I, Andrew Fullman, do hereby verify that the facts as set forth in the within Civil Complaint, are true and correct to the best of my personal knowledge or information and belief, and that any false statement therein are made subject to the penalties relating to unsworn falsification to authorities.  See Title 28 Section 1746.

EXECUTED ON October 24, 2022

Andrew Fullman
Pro Se Plaintiff